1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  WILLIAM J. GULLOTTA (CTBN 423420)
   Assistant United States Attorney
5
       1301 Clay Street, Suite 340S
6      Oakland, California 94612
       Telephone: (510) 637-3680
7      FAX: (510) 637-3724
       William.Gullotta@usdoj.gov
8
   Attorneys for United States of America
9
                  UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                         OAKLAND DIVISION
12

13  UNITED STATES OF AMERICA,              )  No. CR 18-0031 JSW
                                           )
14         Plaintiff,                      )
                                           )
15      v.                                 )  [PROPOSED] DETENTION ORDER
                                           )
16  RAMONT DARLYE JOHNSON,                 )
                                           )
17         Defendant.                      )
                                           )
18  _____    )

19         Defendant Ramont Darlye Johnson is charged with a violation of 18 U.S.C. § 922(g)(1) (felon in

20  possession of a firearm and ammunition). On January 29, 2018, at the initial appearance in this case, the

21  government moved for Johnson's pretrial detention pursuant to 18 U.S.C. § 3142 and requested a

22  hearing. On February 20, 2018, the Court held a detention hearing. The Court carefully considered the

23  proffers of the government and defendant's counsel, the factors set forth in 18 U.S.C. § 3142(g), and the

24  information contained in the bail study prepared by Pretrial Services, which recommends that Johnson

25  be detained pending trial because he presents a significant danger to the community and a risk of non-

26  compliance with Court conditions. For the reasons set forth below, as well as those stated on the record

27  on February 20, 2018, the Court concludes that the government has met its burden of establishing by

28  clear and convincing evidence that Johnson poses a danger to the safety of the community that cannot

1  reasonably be mitigated through the imposition of release conditions. Therefore, the Court orders that
2  he be detained.

3      The Bail Reform Act requires that in a pretrial posture, the government bears the burden of
4  proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated
5  through the imposition of conditions of release. If the government does not meet its burden, a court's
6  duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the
7  preparation of his or her defense, while safeguarding against flight or danger to the community. Close
8  cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of
9  release be resolved in favor of the defendant, the court is to rule against detention in close cases."
10 *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v.*
11 *Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

12      A person facing trial generally shall be released if some "condition, or combination of conditions
13 … [can] reasonably assure the appearance of the person as required and the safety of any other person
14 and the community." 18 U.S.C. § 3142(c). Bail hearings generally proceed by proffer, and the rules of
15 evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any
16 conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the
17 community or another person. *Id.*

18      In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and
19 circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the
20 person (including his character, physical and mental condition, family ties, employment, financial
21 resources, length of residence in the community, community ties, past conduct, history relating to drug
22 and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the
23 nature and seriousness of the danger to any person or the community posed by the person's release. 18
24 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

25      Here, Johnson is charged with being a felon in possession of a firearm and ammunition. The
26 Court notes that the weight of the evidence against Johnson is strong. The defendant has multiple felony
27 convictions and, according to the evidence proffered by the government, Johnson was found in
28 possession of a loaded firearm in the waistband of his pants.

[PROPOSED] DETENTION ORDER
CR 18-0031 JSW

1    The nature and circumstances of the instant offense are concerning. He is a convicted felon, and
2  he was arrested after a woman called 911 to report that Johnson had showed her the handle of his gun in
3  a threatening or intimidating manner. The 911 caller reported that Johnson's gun was in the front of his
4  waistband, and that is where the police found it.

5    As the Court noted on the record, the history and characteristics of this defendant are troubling.
6  Johnson's criminal history is serious and significant, and involves violent behavior. He has multiple
7  prior felony convictions, including convictions for assault with a deadly weapon and possession of crack
8  cocaine for sale. Johnson also has three prior felony convictions for being a felon in possession of a
9  firearm, which the Court noted was of great concern as he was apparently arrested in this case while
10  again in possession of a firearm. Notably, much of the defendant's prior criminal conduct occurred near
11  the location where he was arrested in this case. Johnson has also previously violated the conditions of
12  his parole and/or probation. The defendant told the Pretrial Services Officer that he has been shot five
13  times, including in 2005, 2010, 2011, and 2016 (twice). He also has been arrested many times in
14  addition to his convictions, and he sustained convictions as a juvenile. All of this demonstrates a
15  consistent pattern of criminal conduct, much of which involves drugs and firearms.

16    Johnson presented two potential co-signers at the hearing. However, the Court noted that these
17  co-signers could not mitigate the risk of danger that the defendant presents to the community.

18    In light of all of the above and the comments on the record, the Court finds that the government
19  has met its burden of establishing by clear and convincing evidence that Johnson presents a danger to
20  the community, and that no condition or combination of conditions will reasonably assure the safety of
21  any other person or the community. 18 U.S.C. § 3142(e) and (f).

22    Johnson shall remain committed to the custody of the United States Marshal. He shall be
23  afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United
24  States or on request of an attorney for the Government, the person in charge of the corrections facility in
25  ///
26  ///
27  ///
28  ///

[PROPOSED] DETENTION ORDER
CR 18-0031 JSW

1  which Johnson is confined shall deliver Johnson to a United States Marshal for the purpose of an

2  appearance in connection with a Court proceeding.

4     **IT IS SO ORDERED.**

6  Dated: February 23, 2018

                                    _Kandis Westmore_
                                    KANDIS A. WESTMORE
                                    United States Magistrate Judge